Contracts; Oapehart Housing contract; funds held in escrow. — Plaintiff sues to recover an amount which it was required to place in escrow before settlement of its Oapehart Housing contract with the Department of the Army. Prior to the closing a new wage determination issued under the Davis-Bacon Act increased the wages of laborers and mechanics on the project and also the contract price. Subsequently, defendant, acting through the Commissioner of the Federal Housing Administration determined that the price-wage adjustment was incorrect in amount and adjusted it downward, charging plaintiff for the difference. Under protest plaintiff entered into an escrow agreement with defendant and deposited $88,988 in an escrow account for the benefit of defendant and it is for this amount that plaintiff is suing. This case comes before the court on a stipulation for entry of judgment filed by the parties on January 27,1966, signed on behalf of the plaintiff and the defendant by the respective attorneys of record, in which it is stated that the decision of this court in Cersten Constr. Co. v. United States, 171 Ct. Cl. 205, 346 F. 2d 973 (1965), governs the disposition of this case, and that the parties desire that judgment be entered in favor of the plaintiff as the means of extinguishing any liability of plaintiff to defendant for the sum reserved in a certain escrow depositary and that such judgment be immediately satisfied and discharged, wherefore the parties have agreed (1) that *1279 judgment be entered against defendant in favor of plaintiff upon its complaint in the amount of $38,988.00; (2) that, with the approval of the court (which is hereby recorded), said judgment shall he satisfied by payment of the escrow sum to plaintiff upon the direction of plaintiff approved by the Federal Housing Commissioner to the Eepublic National Bank of Dallas; and (3) that upon receipt of said payment in the sum of $38,988.00, counsel for plaintiff shall thereupon deliver to counsel for defendant a satisfaction of judgment thereby filing with the Clerk of the Court of Claims, who is hereby authorized and directed to enter such judgment as paid and discharged. On March 28, 1966, satisfaction of judgment was acknowledged by plaintiff and the Clerk of the Court of Claims was authorized and requested to cancel and discharge the judgment in accordance with the Court’s order of February 7,1966.